**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:21-cr-20388-JLK-1

UNITED STATES OF AMERICA,

v.

ADRIAN KING,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    **THIS CAUSE** came before the Court following the District Court's Order of Reference for a Change of Plea Hearing.  ECF No. [27].  The Change of Plea hearing was conducted on December 17, 2021.  The undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    This Court advised Adrian King ("Defendant") of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.  This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case.  Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

    2.    This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to all three counts charged in the Indictment. First, Count I charges Defendant with possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1). The Court advised Defendant that as to Count I, there is a maximum term of twenty years imprisonment, followed by a period of supervised release of up to three years, and a possible fine of up to $1,000,000. The Court also advised Defendant that there is a mandatory special assessment of $100.00 as to Count I. Second, Count II charges Defendant with possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c). The Court advised Defendant that as to Count II, there is a mandatory minimum sentence of five years imprisonment to run consecutive to any other term of imprisonment and a maximum term of life imprisonment, followed by a period of supervised release of up to five years. The Court advised Defendant that there is an additional mandatory special assessment of $100.00 as to Count II. Finally, Count III charges Defendant with possession of a firearm and ammunition by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1). The Court advised Defendant that as to Count III, there is a maximum term of ten years imprisonment, followed by a period of supervised release of up to three years, and a possible fine of up to $250,000. The Court advised Defendant that there is an additional mandatory special assessment of $100.00 as to Count III. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case, including the possibility of forfeiture.

4. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer. The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer was accurate.

5. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and Defendant acknowledged that he understood the terms of the plea agreement and that he had signed the plea agreement.

6. Defendant also waived his right to appeal his sentence unless the Government files an appeal and/or her sentence exceeds the maximum permitted by statute and/or is the result of an upward departure or a variance from the guideline range that the Court establishes at sentencing. The undersigned finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts I, II, and III of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing in this case is set for March 9, 2022 at 10:00 a.m.

Accordingly, it is hereby **RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United

States District Judge.

Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on December 17, 2021.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**